IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Tony L. Moore, #275740, | ) C/A No. 5:11-1033-TMC-KDW |
| Plaintiff, | ) |
| | ) Report and Recommendation |
| v. | ) |
| | ) |
| Anthony J. Padula; Ms. Bell; Keith McBride; and L. Greer, | ) |
| | ) |
| Defendants. | ) |

Plaintiff, an inmate with the South Carolina Department of Corrections ("SCDC"), filed this 42 U.S.C. § 1983 action on May 2, 2011 alleging constitutional violations against Defendants regarding his cell block assignments, his transfer to Special Management Unit ("SMU"), and the failure to protect Plaintiff from assault by another inmate. ECF No. 1. On November 11, 2011, Defendants filed a Motion for Summary Judgment. ECF No. 34. As Plaintiff is proceeding pro se, the court entered a Roseboro[1] order on November 14, 2011, advising Plaintiff of the importance of such motions and of the need for him to file an adequate response. ECF No. 35. Plaintiff responded to Defendants' Motion for Summary Judgment on February 24, 2012, ECF No. 51, and Defendants replied on February 27, 2012. ECF No. 52. Plaintiff filed a supplemental Response in Opposition to Summary Judgment on June 28, 2012. ECF No. 55.

On February 21, 2012, Plaintiff filed a Motion for Entry of Default. ECF No. 49. Although styled as an entry of default, Plaintiff's motion actually addresses Defendants failure to respond to his discovery requests. Plaintiff asserts that because Defendants failed to respond to

---

[1] On November 14, 2011, United States Magistrate Judge Bruce Howe Hendricks, entered a "Roseboro order" in accordance with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) (requiring the court provide explanation of dismissal/summary judgment procedures to pro se litigants).

discovery requests that were served on January 23, 2012 by February 25, 2012, Plaintiff was entitled to an entry of default. ECF No. 49. On February 22, 2012, Defendants filed a Response to Plaintiff's Motion for Entry of Default noting that they received Plaintiff's discovery requests dated January 23, 2012 on January 26, 2012. ECF No. 50 at 1. Defendants contended that they had thirty days to respond to Plaintiff's discovery requests and the time had not yet expired. *Id.* Defendants further argued that the appropriate remedy for Plaintiff for Defendants' failure to respond to discovery is to file a motion to compel, not to move for default. *Id.* On July 9, 2012, Plaintiff filed a Motion to Compel asking the court to order the Defendants to produce relevant material identified in his Motion to Compel. Defendants' deadline to respond to Plaintiff's Motion to Compel is July 26, 2012.

This case was referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C.[2] Because the Motion for Summary Judgment is dispositive, a Report and Recommendation is entered for the court's review.

As an initial matter, the undersigned notes that a pretrial scheduling order was not entered in this matter and therefore a time period was not established for conducting discovery, filing discovery motions, or filing dispositive motions. The Fourth Circuit has previously addressed the appropriateness of granting a dispositive motion when the discovery period in a matter remains open. In *Oksanen v. Page Mem'l Hosp.*, 912 F.2d 73, 78 (4th Cir.1990), the Fourth Circuit reversed a grant of summary judgment, finding that summary judgment was not appropriate until after the non-moving party had a full and fair opportunity to develop facts during discovery. Because it appears that Plaintiff's discovery requests, served on January 26,

---

[2] On January 2, 2012, the matter was reassigned from United Magistrate Judge Bruce Howe Hendricks to the undersigned. ECF No. 41.

2012, are still outstanding, the undersigned recommends that Defendants' Motion for Summary Judgment be denied without prejudice, with leave to refile. *See, Sames v. Gable*, 732 F.2d 49, 52 (3d Cir. 1984) (vacating a grant of summary judgment and remanding for further discovery, finding that pertinent discovery requests remain unanswered by the moving party); *Snook v. Trust Co. of Georgia Bank of Savannah*, 859 F.2d 865, 870 (11th Cir. 1988) (reversing a grant of summary judgment holding that generally summary judgment is inappropriate when the party opposing the motion has been unable to obtain responses to his discovery requests).

Based on the foregoing, it is recommended that the Defendants' Motion for Summary Judgment, ECF No. 34, be Denied Without Prejudice, with leave to refile the motion following a reasonable period of discovery. Plaintiff's Motion for Entry of Default, ECF No. 49, is Denied.

IT IS SO RECOMMENDED.

July 12, 2012  Kaymani D. West
Florence, South Carolina  United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**