IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Tony Moore, | ) | |
| | ) | C.A. No. 5:11-1033-TMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Anthony J. Padula; Ms. Bell; Keith McBride; and L. Greer, | ) ) | |
| | ) | |
| Defendants. | ) ) | |

This matter is before the court for review of the Report and Recommendation (Report) of United States magistrate judge made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina.[1] The court adopts the Report. (Dkt. No. 57.)

Briefly, the plaintiff, Tony Moore (Moore), an inmate with the South Carolina Department of Corrections, filed this action pursuant to 42 U.S.C § 1983 alleging a host of violations against the defendants. (Dkt. No. 1.) The defendants filed a motion for summary judgment on November 11, 2011. (Dkt. No. 34.) Moore filed a motion for default on February 21, 2012, alleging that the defendants had failed to respond to his discovery requests. (Dkt. No. 49.) The defendants responded, stating that they had received the discovery requests but that the time to respond had not yet expired when Moore filed his motion for default. (Dkt. No. 50.) Further, the defendants argued that a motion to compel, not a motion for default, was the appropriate motion to secure production of discovery materials. On July 9, 2012, Moore filed a motion to compel (Dkt. No. 56), and the defendants filed a response in opposition to that motion on July 16, 2012 (Dkt. No. 59).

The magistrate judge filed the Report on July 12, 2012. (Dkt. No. 57.) In the Report, the

---

[1] The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the magistrate judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

magistrate judge recommended denying the defendants' motion for summary judgment without prejudice and with leave to refile because Moore's discovery requests are still pending. The magistrate judge also denied Moore's motion for default. (Dkt. No. 49.)

The parties were advised of their rights to file objections to the Report. However, the defendants have filed no objections to the Report and Recommendation and the time to do so has expired. In the absence of objections to the magistrate judge's Report and Recommendation, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

However, Moore filed objections to the Report. (Dkt. No. 61.) In his objections, Moore argues that the defendants should be denied the opportunity to refile their motion for summary judgment because (1) they failed to respond appropriately to the motion to compel; and (2) res judicata bars the refiling of their motion. The court holds that these objections are unpersuasive. First, the court notes that the motion to compel is still pending. (Dkt. No. 56.) As such, no determination has yet been made as to whether the defendants have responded appropriately to the motion to compel. Any such determination in this order would be premature.

Secondly, the doctrine of res judicata is inapplicable here. The doctrine requires "a final judgment on the merits of an action" to preclude the "parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980); *see also Andrews v. Daw*, 201 F.3d 521, 524 (4th Cir. 2000) ("Under the doctrine of res judicata, 'a final judgment on the merits bars further claims by parties or their privies based on the same cause of action.'") (quoting *Montana v. United States*, 440 U.S. 147, 153 (1979)). Here, no final

adjudication on the merits has been made. The magistrate judge recommends dismissing the motion for summary judgment without prejudice and with leave to refile, which means that the court will delay making a final judgment on the merits. Thus, the doctrine of res judicata does not apply.[2]

After a thorough review of the Report and Recommendation and the record in this case, the court adopts the magistrate judge's Report and Recommendation (Dkt. No. 57) and incorporates it here. It is therefore **ORDERED** that the defendants' motion to summary judgment (Dkt. No. 34) is **DENIED** without prejudice and with leave to refile. The plaintiff's motion for default is **DENIED**. (Dkt. No. 49.)

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
August 1, 2012

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[2] The remainder of Moore's objections are non-specific and not responsive to the Report. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) (stating that the court need not conduct a de novo review when a party makes only **Error! Main Document Only.**"general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations"); *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) (stating that in the absence of specific objection, this court is not required to provide an explanation for adopting the recommendation). In the absence of a timely filed, specific objection, the magistrate judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).