IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Tony L. Moore, #275740, ) | |
| ) | Civil Action No. 5:11-1033-TMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Anthony J. Padula; Ms. Bell; Keith ) | |
| McBride; L. Greer, ) | |
| ) | |
| Defendants. ) | |
| ) | |

      The plaintiff, Tony L. Moore ("Moore"), a prisoner proceeding pro se, brought this 42 U.S.C. § 1983 action, alleging various Eighth and Fourteenth Amendment violations by the defendants. (Dkt. No. 1.) The defendants have moved for summary judgment. (Dkt. No. 69.) Moore responded to the defendants' motion (Dkt. No. 84) and the defendants' replied to his response (Dkt. No. 85). Pursuant to 28 U.S.C. § 636(b)(1)(A) and (b) and Local Rule 73.02(B)(2)(d) and (e), this case was referred to a United States Magistrate Judge for all pretrial proceedings. The magistrate judge issued a Report and Recommendation ("Report"),[1] recommending that the court grant the defendants' motion for summary judgment. (Dkt. No. 87.) Moore has filed objections to the Report (Dkt. No. 92) and the defendants' have replied to Moore's objections (Dkt. No. 94). Accordingly, this case is now ripe for review.

      At all times relevant to this action, Moore was an inmate at Lee Correctional Institution. In his complaint, Moore alleges that the defendants violated his constitutional rights by moving him, without cause, from a disciplinary-free housing unit (Darlington) to a more restrictive

---

[1] The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

housing unit (Chesterfield); by improperly placing him in the Special Management Unit; and by failing to protect him from assault by another inmate. The defendants first moved for summary judgment on November 11, 2011. (Dkt. No. 34.) On August 1, 2012, on the magistrate judge's recommendation, the court denied the defendants' motion without prejudice, in order to allow a reasonable time for the parties to conduct discovery. (Dkt. Nos. 57, 64.) Just seven days later, on August 8, 2012, the defendants re-filed the summary judgment motion currently before the court.[2] (Dkt. No. 69.)

The court has fully reviewed the record in this case, including the complaint, motion for summary judgment and accompanying memoranda, the Report, Moore's objections to the Report, and the defendants' reply to those objections, and is concerned that the parties have not yet completed discovery. In particular, in his affidavit, Moore appears to claim that the defendants are withholding relevant medical records. (Dkt. No. 86 p. 2.) The court, therefore, **DENIES** defendants' motion for summary judgment (Dkt. No. 69) without prejudice and with leave to re-file after sixty days.

**IT IS SO ORDERED.**

s/ Timothy M. Cain
Timothy M. Cain
United States District Judge

Anderson, South Carolina
January 9, 2013

---

[2] On August 16, 2012, Moore appealed the court's order to the Fourth Circuit Court of Appeals. The Fourth Circuit dismissed his appeal by order filed on December 27, 2012.